■ EDWARD A. WERNER, on Behalf of Himself and All Other Owners of an Undivided Interest in All Rights, Title, Interests and Claims Acquired by the Jocelyn-Varn Oil Company, 1959 Oil Exploration Program, Similarly Situated, Appellant, v. JOCELYN-VARN OIL COMPANY, Respondent.— Order entered February 5, 1968, unanimously reversed, on the law and the facts and as a matter of discretion, with $50 costs and disbursements to appellant, the order of reference vacated, and the matter remanded to Special Term, Part I, for further proceedings in accord with this memorandum. When this matter was before this court on appeal from the interlocutory order directing an account (26 A D 2d 925), we granted permission to plaintiff to move for the submission of a supplementary account. Upon the coming in of the Referee's report on the accounting originally ordered, the plaintiff so moved. The court referred the application to the Referee. He reported that plaintiff was entitled to a supplemental accounting but asked to be relieved of further participation. The matter was then referred to a Special Referee who reported on the matters to be included in the accounting and also stated his opinion that the accounting of these matters would be so extensive that a Special Referee could not devote the time needed for consecutive hearings. Both sides objected to the report and the court made the order under review, which appointed a private referee to report on the objections to the report, including what the supplementary accounting should embrace. This order is in all respects indefensible. The questions were for the court to decide, and referring them aggravated the already frustrating experience that the plaintiff was made to undergo in order to determine the amount that he and those he represented were being fraudulently deprived of. Secondly, a private Referee should not have been appointed

without consent. We have made our position abundantly clear on this subject (*Sheean* v. *Allen*, 19 A D 2d 595). In an effort to avoid further controversy on the contents of the supplemental account, we here indicate what this should consist of. In the bank account in which the defendant commingled funds received from plaintiff (and the others similarly situated), and from other sources with its own funds, the percentage of such funds contributed by plaintiff on all relevant dates should be ascertained. All withdrawals from the account up to the date when the entire fund was restored should be accounted for on a transaction by transaction basis. Wherever any transaction represented an investment by defendant, the result of that investment should be revealed. Whether the Referee appointed to take and state the account should be private or special will depend on the consent of the parties. If upon submission of the account proof is to be taken, the method and details of establishing the matters in the account would be within the discretion of the Referee. Special Term will entertain an application for a supplementary decree so providing. Concur — Steuer, J. P., Tilzer, McGivern, Rabin and McNally, JJ.